IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:   JONATHAN  E. FORTMAN,                    )
                                                                         ) Case No.  4:16-MC-00421
Movant.                                                              )

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO QUASH OR, IN THE ALTERNATIVE, MODIFY SUBPOENA**

Comes now Movant Jonathan E. Fortman and hereby submits this Memorandum of Law in Support of Motion to Quash or, in the Alternative, Modify Subpoena.

**INTRODUCTION**

Movant is an attorney licensed in the State of Missouri and in this Court.  Movant represents Kelly Kress, an absent class member who as objected to a proposed class action settlement in the case of *Steven Chambers, et al. v. Whirlpool Corp., et al.*, Case No. 8:11-CV-01733 FMO, pending in the United States District Court for the Central District of California.  On May 27th, 2016, Movant and Co-Counsel filed an objection to the class action settlement on behalf of the absent class member. *See Exhibit A*.  Counsel for the class filed their response to Ms. Kress' objection and the objections of several other absent class members.  *See Exhibit B.*

On July 18th, 2016, Class Counsel caused a subpoena to be served on Movant.  *See Exhibit A to Motion to Quash or, in the Alternative, Modify Subpoena*.  The subpoena commanded Movant to appear for a deposition and to produce documents.  The documents requested include all documents Movant relied upon in drafting Ms. Kress' objection and all settlement agreements and financial information concerning any cases since January 1st, 2010 in which Movant has represented absent class members who have objected to class action settlements.  Movant contacted Class Counsel and made it clear that Movant believed that the subpoena was improper in that Movant's deposition was being sought to harass Movant.

Nevertheless, Movant offered to appear for the deposition with the understanding that he would not produce any documents from his file and would not produce or testify concerning any settlements or financial information concerning separate, unrelated matters.  *See Letter dated July 19th, 2016 attached hereto as Exhibit C.*  Class Counsel responded to Movant's letter by email that same day and rejected Movant's proposal.  *See Exhibit D.*  Class Counsel's position is that the prior settlements are somehow relevant to show the improper motive of Movant and his client in filing the objection in the *Whirlpool* case.  Based on Class Counsel's response, Movant has filed his Motion to Quash or Modify Subpoena.  In support of that Motion, Movant submits this memorandum of law.

## ARGUMENT

**I.     Class Counsel's attempt to obtain the deposition of Movant in his capacity as opposing counsel is solely for harassment and is an abuse of the discovery process**

  The harassing practice of deposing opposing counsel (unless that counsel's testimony is crucial and unique) appears to be an adversarial trial tactic that does nothing for the administration of justice but rather prolongs and increases the cost of litigation, demeans the profession, **and constitutes an abuse of the discovery process**.  *Shelton v. American Motors Corp.*, 806 F.2d 1323, 1330 (8th Cir. 1986) (emphasis added).

The Eighth Circuit has long recognized that permitting the deposition of opposing counsel in any case is a slippery slope which requires close scrutiny by the courts.  Counsel seeking the deposition of their opposing counsel bears a heavy burden.  The *Shelton* court did not hold that trial counsel is absolutely immune from being deposed.  However, the court found that the practice should be limited to circumstances where the party seeking the deposition has shown: (1) no other means exist to obtain information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the case. *Id.* at 1327.  The *Shelton* test has been recognized and utilized by State and Federal courts

throughout the United States.  Movant's research has revealed no case, in any jurisdiction, which has condoned the type of intrusion upon an attorney's private practice as is sought by Class Counsel in this case.  Class Counsel seeks to go on an unprecedented and unwarranted fishing expedition for no other reason that to harass and intimidate Movant and his client.  It is a clear abuse of the discovery process which the *Shelton* court squarely addressed.

> **A. Other means are available to permit Class Counsel to obtain the information sought.**

Class counsel in this case cannot meet a single element of the *Shelton* test.  It is clear from the communications between Movant and Class Counsel that Class Counsel seeks discovery in order to show some perceived "improper motive" of Movant and his client.  Class Counsel seems to take the position that simply because Movant has represented absent class members who have objected to proposed settlements in other Class Action cases, some of which have been settled, that it somehow infers some nefarious motive for Movant's client bringing the objection in this case.  It is not a difficult task through access to public records to determine cases in which Movant has represented clients in class action objections or the myriad of other types of cases that Movant has handled in 24 years of practice.  Movant should not be subjected to the burden and harassment of a deposition in which the information sought is already available to Class Counsel.

> **B. The testimony of Movant and the documents requested are not relevant to determination of the issues in the underlying case and are privileged.**

Class Counsel cannot show that the information is relevant and non-privileged.  First, in the list of documents Class Counsel seeks from Movant, Requests Nos. 1, 2, 4 and 5 clearly invade the work-product privilege.  As recognized by *Shelton*, the documents an attorney compiles in his or her file in the course of litigation can reveal the attorney's mental impressions.

On March 8 8, 2016, Judge Fleissig found that a request for a "wholesale production" of "strategically collected" documents would "impermissibly intrude" into counsel's thought processes.  See *McClurg v. Mallinkrodt*, Case 4:12-cv-00361 (ED Mo. March 8, 2016).

Second, in Request No. 3, Class Counsel is seeking confidential settlement agreements and financial information from Movant concerning objection cases dating back to January 1, 2010.  Any such settlement agreements were deemed confidential, either through agreement of the parties or pursuant to mediation confidentiality.  While the Eighth Circuit has not recognized a settlement negotiation privilege, courts in this District have recognized heightened standards for discovery of such information.  "When the requested discovery concerns a confidential settlement agreement, the majority of courts considering the issue have required the requesting party to meet a heightened standard, in deference to Federal Rule of Evidence 408, and the public policy to encourage settlements and to uphold confidentiality provisions." *Auto-Insurance Company v. Mid-America Piping, Inc.*, Case No. 4:07-cv-00394 (ED Mo June 26, 2008)(quoting *Young v. State Farm Mut. Auto Ins. Co*, 169 F.R.D. 72, 76 (D.W.Va. 1996)(In *Auto-Insurance*, Senior District Court Judge Limbaugh granted a motion to quash in which a party sought information as to the amount of a settlement reached between defendants who had filed cross-claims against each other **in the same case**); see also *ABT Systems, LLC v. Emerson Electric Co.*, Case No. 4:11-cv-00374  (ED Mo. December 12, 2012)(motion to compel production of documents concerning settlement negotiations between plaintiff and settling defendant **in the same case** denied by Judge Fleissig where party did not posit any particularized relevance to the information sought).

In this case, Class Counsel cannot meet the heightened standard for discovery related to settlements reached in completely unrelated matters.  Class counsel can do nothing more than

make baseless allegations, wholly unsupported, that settlements in those cases somehow infer Movant is proceeding in the underlying case for some "improper motive."

Consider the following analogy:  Movant represents a plaintiff in an automobile crash case.  During the course of the litigation, defendant's counsel serves a subpoena on Movant seeking settlements agreements and financial information for every case in the past 7 years in which Movant has represented a plaintiff for injuries sustained in a car crash.  Defense counsel's reasoning is that such prior settlements would somehow indicate that Movant is engaged in a personal injury practice to obtain settlements on behalf of his client and fees for himself.  Movant fails to see how any member of the bar can think that permitting such intrusive discovery would ever be conducive to an orderly system of justice.  Yet, in this case, Class Counsel's subpoena seeks to do nothing more than what defense counsel is doing in the analogy.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

In order to determine whether prior settlement agreements in unrelated matters should be required to be disclosed, this Court must consider the underlying case.  In that case, Class Counsel has filed their Motion for Approval of Class Action Settlement and their Motion for Fees.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the district court must analyze the settlement as to whether it is fair, reasonable and adequate.  Settlement Agreements in unrelated matters are, in no way, relevant to the role of the district court in the analysis of the fairness of the underlying class action settlement. It should be noted that Movant's client is not the only absent class member who has objected to the settlement.  In addition, the defendant in

the underlying settlement has filed a detailed response to Class Counsel's Motion for Fees in which it raises the same concerns that Movant's client has raised.  *See Exhibit E.*  In that response, defendant states:

> Now, however, as a number of objectors have noted, Class Counsel and their forensic accountant seek to achieve for themselves what they could not achieve for their clients by creating a fantasy valuation of the class benefits.  While these arguments would be found in the "Fiction" section at any bookstore, the determination of a reasonable fee calls for realism, and "realism requires recognition that probably all class counsel really care about is their fees." (citing *Pearson v. NBTY, Inc.*, 772 F.3d 778.783 (7th Cir. 2014)).

Class Counsel will, undoubtedly, attack Movant and infer that the motives of Movant and his client are improper.  Class Counsel will make specious, scurrilous statements based solely on the fact that Movant has represented absent class members in other cases who object to class action settlements and that some of those objections are settled.  Movant does not dispute that such settlements occur.  However, settlements in such cases are no more relevant to the issues in the underlying cases than are cases in which Movant represented objecting class members in which changes were made to the settlement as a result of the objection or cases in which settlements were rejected by the trial or appellate courts for reasons raised by the objector.

In the underlying case, the defendant who has been involved in the case throughout its pendency, rather bluntly states that all Class Counsel is concerned about is their fees.  Movant would highly doubt that defense counsel is being subjected to any of the intrusive discovery that Class Counsel is attempting with Movant.  What is the difference?  There is none.  Movant is zealously representing his client just the same as defense counsel is representing their client.  It is absolutely clear that Class Counsel is seeking Movant's deposition for harassment and is abusing the discovery process.

    **C. Class Counsel cannot show that Movant's testimony is "crucial" to the issues in the underlying case.**

The final requirement under the <u>Shelton</u> test is that the information must be crucial to the case. "Crucial" is defined as: Extremely significant or important; vital to the resolution of a crisis; decisive. *The American Heritage Dictionary*, third ed. (1993). Class Counsel cannot show that Movant's testimony is vital to the resolution of the underlying case or, in any way, decisive. Movant has filed a detailed and thorough objection to the proposed class action settlement on behalf of his client. Movant has nothing further to offer that is not privileged which would assist the district court in making its determination as to whether the underlying settlement is fair, reasonable and adequate. Likewise, the documents sought by Class Counsel are not vital to resolution of the underlying case nor are they decisive. Absent such a showing, the deposition subpoena should be quashed.

    **II.**    **The decision of Judge Fleissig in the case of <u>In Re Law Office of Jonathan E. Fortman, LLC</u> involves a different factual scenario and, in any event, is not dispositive of the issues raised in Movant's Motion to Quash**

There is a case arising in this District concerning service of a subpoena on the Custodian of Records of Movant's law firm. In that case, Class Counsel served a subpoena requesting production of documents concerning the objection filed in the underlying objection, documents concerning objections filed in any other class actions, any fee sharing arrangements between Movant and its clients, and any settlements or payouts received in any other objections. Movant filed a Motion to Quash in that case on behalf of his law firm. Judge Fleissig issued an Order on February 1, 2013 denying the Motion to Quash finding that Class Counsel had agreed to limit the request to matters that were not privileged and were not work-product. *See Exhibit F*.

There are some important distinctions between that case and this case. First, and most important, the subpoena was not addressed to Movant in his capacity as an attorney for the

objector in that case and was not seeking to depose Movant in his capacity as an attorney for the absent class member.  Second, the Order did not address what materials were actually considered work-product and/or privileged.  Movant still fully intended on asserting the same arguments in that case that he now advances in this case.  However, before the issues were fully ripe, Movant and Class Counsel entered into a joint Motion to Stay Enforcement after defendant in the underlying case had failed to send proper CAFA notice to the various attorneys general.  Once that disclosure was made, Class Counsel and Movant, along with Movant's co-counsel, negotiated the extension of the claims period and issuance of another notice to the class.  Based upon the benefit brought to the class, the parties entered into a joint stipulation in which the objector's counsel were awarded fees.  That stipulation was accepted and approved by the district court in the underlying case.  Thereafter, Movant filed his Motion to Dismiss the Motion to Quash with prejudice.  *See Exhibit G.*

      The unfortunate consequence of the court's Order in *In re Law Office of Jonathan E. Fortman, LLC*, is that Class Counsel is using it to push the envelope which, in turn, is leading us down a slippery slope.   Where will that slope take us in the end?  If counsel in any case, whether in a class-action objection or any other type of case, is given the ability to freely intrude upon the records of opposing counsel in wholly unrelated matters based solely on an unfounded allegation that opposing counsel or their client is proceeding in litigation for an improper purpose, it will turn the practice of law into nothing more that juvenile playground squabbles.  If such conduct is condoned, attorneys will do exactly what Class Counsel is attempting to do in this case, punish and harass opposing counsel for undertaking representation of clients who may be advancing causes which are not popular or who stand in the way of a counsel's fee such as in this case.  The purpose will not be to assist the court in its fiduciary capacity, it will be to bully attorneys such

as Movant to convince the client to withdraw their claims so that the attorney is not subject to unreasonable discovery.  It will chill zealous advocacy and potentially place a barrier between attorney and client which, in turn, hurts the client.   As the court in <u>Shelton</u> fully recognized, it will demean the profession.  This Court should take the opportunity in this case to stop the slide down that slippery slope.

    **III.    If Class Counsel believes Movant or his client are proceeding for an improper purpose, there are mechanisms available to raise such issues with the District Court in the underlying case.**

Class Counsel can point to nothing in this case that Movant or his client have done in the underlying case that is improper.  Rule 23(e)(5) gives an absent class member an absolute right to object to a proposed class action.   The notice provided to the class informs class members that they may object and that they can retain the services of their own attorney.  There is nothing in the Federal Rules or the notice to the class that indicates that if the absent class member retains an attorney experienced in reviewing class action settlements that they and the attorney will be subject to harassing discovery.  Class Counsel has responded to the thorough objection filed on behalf of Movant's client.  There is no indication that the objection is frivolous or without merit.  To the contrary, the defendant's response to Class Counsel's Motion for Attorneys' Fees basically endorses the objection filed not only by Movant's client but every other objecting class member.

If Class Counsel believes that Movant has filed a pleading in the underlying case for an improper purpose, there are mechanisms in place which would permit Class Counsel to raise that with the court. Under Rule 11(c)(2) of the Federal Rules of Civil Procedure, Class Counsel could file a Motion for Sanctions setting forth the specific conduct they believe warrants such sanctions.  However, Class Counsel knows that such motion is not warranted because they

cannot point to any conduct of Movant that is sanctionable.  Likewise, Class Counsel could seek sanctions under 28 U.S.C. § 1927 or the District Court's inherent authority.  Once again, no such motion is warranted in that Movant and his client have followed all procedural requirements and have raised meritorious issues in the objection to the settlement.  If such motions are not warranted, then why should the court permit Class Counsel to intrude upon Movant's conduct in wholly separate and unrelated matters?[1]  The simple answer is that it should not.  Movant's Motion to Quash should be granted.

**IV.     If this Court is inclined to deny the Motion to Quash, it should modify the subpoena to conform to the conditions set forth in Movant's letter to Class Counsel.**

In the alternative, should the court determine that the subpoena to Movant to testify should be enforced, the Court should limit any examination in the manner proposed by Movant in his letter to Class Counsel.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Movant's Motion to Quash should be granted.  In the alternative, the subpoena should be modified to conform to Movant's proposal to Class Counsel dated July 19, 2016.

---

[1] Class Counsel cannot direct this Court to a single case in which Movant has ever been sanctioned, whether as an attorney for an objecting class member or otherwise.

Respectfully submitted,

LAW OFFICE OF JONATHAN E. FORTMAN, LLC

By    /s/ Jonathan E. Fortman_____
Jonathan E. Fortman  #40319
Attorney/Movant
250 Saint Catherine Street
Florissant, MO  63031
(314) 522-2312
(314) 524-1519  Fax
jef@fortmanlaw.com

**Certificate of Service**

     I do hereby certify that a copy of the foregoing was served on the 25th day of July, 2016, by regular U.S. Mail, postage prepaid, and via electronic mail, upon:

Steven A. Schwartz
Timothy N. Mathews
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, PA  19041
steveschwartz@chimicles.com
timothymathews@chimicles.com

    \_\_\_\_/s/Jonathan E. Fortman_____
Jonathan E. Fortman