# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IN RE: JONATHAN E. FORTMAN, | )<br>)<br>) |
| Plaintiff, | ) No. 4:16-MC-421 RLW<br>) |

## MEMORANDUM AND ORDER

This matter is before the court on the Motion to Quash or, in the Alternative, Modify Subpoena (ECF No. 1).

## BACKGROUND

Movant Jonathan E. Fortman ("Fortman") is an attorney, licensed in the State of Missouri. (ECF No. 1, ¶1). Fortman represents Kelly Kress, an absent class member who has objected to the proposed class action settlement and award of attorneys' fees in *Chambers v. Whirlpool Corp.*, Case No. 8:11cv1733 (C.D. Ca.). On May 27, 2016, Ms. Kress filed her Objections to the parties' joint motion for final approval of the class action settlement in *Chambers*. (ECF No. 3 at 2). Her counsel of record were John Kress, Steve Miller, and Johnathan Fortman. (ECF No. 3 at 2). On June 18, 2016, Fortman was served with subpoenas *ad testificandum* and *duces tecum* from *Chambers* class counsel. The subpoenas commended Fortman to appear for a deposition on August 1, 2016. In this motion, Fortman moves to quash those subpoenas.

## DISCUSSION

Federal Rule of Civil Procedure 26 provides "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Relevant information "need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." *Id.* "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003)(citing Fed.R.Civ.P. 26(b)(1)); *see also* Fed.R.Civ.P. 45(c) (authorizing the court to ensure a party responsible for the issuance and service of a subpoena takes reasonable steps to avoid imposing "undue burden or expense" on a person subject to a subpoena).

Fortman moves to quash the subpoenas directed to him. Fortman claims that class counsel's attempt to depose Fortman, litigation counsel on behalf of Ms. Kress, is "improper" because it "seeks documents and testimony protected by attorney-client and work-product privilege and seeks documents and testimony which is irrelevant to the issue of whether the proposed class action settlement and request for attorneys' fees in the underlying case are fair, reasonable, and adequate." (ECF No. 1, ¶5).

In response, class counsel argues that they have a right to depose Fortman. Class counsel identify Fortman, Ms. Kress, and their "cohorts" as a "serial objectors." (ECF No. 3 at 3); *see also In re Law Office of Jonathan E. Fortman, LLC*, No. 4:13MC00042 AGF, 2013 WL 414476, at *1 (E.D. Mo. Feb. 1, 2013) (identifying Fortman as a "professional objector attorney"). Class counsel has offered for Fortman, and his co-counsel, Mr. Kress and Mr. Miller, to provide declarations instead of testimony. The declarations were to comprise of information related to objections filed in other class actions, including: a list of all objections, identification of any payments for dismissals with an accounting to whom such payments were distributed, whether there was any notice to the Court of such payments, and whether there were any corresponding benefits to the class for the payments. (ECF No. 3 at 3, n.1).

A Court in this district has already held that the discovery requested here is "relevant to assessing the merits of the objection to the class action settlement." *In re Law Office of Jonathan E. Fortman, LLC*, No. 4:13MC00042 AGF, 2013 WL 414476, at *2 (E.D. Mo. Feb. 1, 2013)(citing *In re Checking Account OverdraftLitig.*, 830 F.Supp.2d 1330, 1361 n. 30 (S.D. Fla. 2011); *In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litig.*, 280 F.R.D. 364, 383 (N.D. Ill. 2011)). Fortman attempts to distinguish that prior litigation because the subpoena in that case was not addressed to Fortman in his capacity as an attorney for the absent class member and because the Order did not address what materials were considered work-product and/or privileged. (ECF No. 2 at 7-8; *see also In re Law Office of Jonathan E. Fortman, LLC*, 2013 WL 414476, at *2 ("Movant's other arguments are also unpersuasive. Respondent has agreed to limit the request to matters that are not work product or privileged. Any remaining confidentiality concerns of Movant can be addressed by an appropriate protective order, and the parties are directed to attempt to come to an agreement on the terms of such an order."). However, as noted by class counsel in this case, any confidentiality concerns are irrelevant because there is a protective order in place that applies to non-party discovery. The Court does not find that the discovery requested by class counsel, particularly information regarding payments made to objectors, raises any privilege concerns that cannot be addressed through a protective order. Accordingly, the Court agrees with the reasoning of the District Court in *In re Law Office of Jonathan E. Fortman, LLC*, 2013 WL 414476 and denies the Motion to Quash the subpoena.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Quash or, in the Alternative, Modify Subpoena (ECF No. 1) is **DENIED**. Movant Fortman shall produce the requested documents,

along with a privilege log (if necessary), or provide a declaration under oath listing the information sought in the document requests.

Dated this 27th day of July, 2016.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**